UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

UNITED STATES OF AMERICA,            )
                                     )
                Plaintiff,           )
                                     )
        v.                           )        No. 4:09CR301 CAS
                                     )                    (FRB)
GUADALUPE ANTONIO PACHECO,           )
                                     )
                Defendant.           )

**MEMORANDUM,**
**REPORT AND RECOMMENDATION**
**OF UNITED STATES MAGISTRATE JUDGE**

All pretrial motions in the above cause were referred to the undersigned United States Magistrate Judge pursuant to 28 U.S.C. § 636(b).

The defendant has filed a Motion To Dismiss Count 1 of the pending indictment. The motion is based on the recent United States Supreme Court holding in Flores-Figueroa v. United States, ___ U.S. ___, 129 S. Ct. 1886 (2009), wherein the Court held that in order to make out a case of aggravated identity theft pursuant to 18 U.S.C. § 1028A, the government must prove that the defendant knew that the means of identification at issue in fact belonged to another person. In the pending motion, the defendant alleges that the government cannot meet this burden in this case. The assertion is apparently based on the discovery provided by the government to date. A motion to dismiss is generally not a proper vehicle by which to challenge the merits of the case or the sufficiency of the

government's evidence.  United States v. Knox, 396 U.S. 77, 83 n.7 (1969); United States v. Gunter, 631 F.2d 583, 586 (8th Cir. 1980); United States v. Brown, 481 F.2d 1035, 1041 (8th Cir. 1973). However, the government apparently concedes the point, as it has filed a request to "join" the defendant's Motion To Dismiss.  (See Docket No. 18.)

Therefore,

**IT IS HEREBY RECOMMENDED** that the Motion To Dismiss (Docket No. 17) be granted, and that Count 1 of the pending indictment be dismissed.

The parties are advised that they have until **Friday, May 29, 2009,** in which to file written objections to this Report and Recommendation.  Failure to timely file objections may result in waiver of the right to appeal questions of fact.  Thompson v. Nix, 897 F.2d 356, 357 (8th Cir. 1990).

_Frederick R. Buckles_
UNITED STATES MAGISTRATE JUDGE

Dated this 20th day of May, 2009.